UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | CRIMINAL NO.  4:20-cr-40037-TSH |
| v.            ) | |
| ) | |
| VINCENT EOVACIOUS       ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM[1]

The United States, by and through the United States Attorney, and the undersigned Assistant United States Attorney Danial E. Bennett, files this Sentencing Memorandum requesting a term of incarceration of 13 months, followed by a term of supervised release of three years. Defendant Vincent Eovacious – undoubtedly young and presently remorseful for his actions – could have caused serious injury, or worse, to police and protestors alike by his conduct and his attempted use of three Molotov cocktails.  This kind of premeditated violence, thankfully thwarted by the alert and measured Worcester Police officers, cannot go unpunished.  For the following reasons, the government respectfully submits that this recommended term of incarceration and supervised release is warranted.

### Background

On June 1, 2020, crowds gathered at various locations in Worcester to protest the death of George Floyd while in police custody in Minneapolis, Minnesota.  While that protest was initially peaceful, at approximately 10 p.m., Worcester Police officers near May Street and Main Street reported a large crowd blocking traffic and throwing objects in their direction.  Despite repeated orders to disperse, the crowd remained, and some protesters hurled rocks, glass bottles, and even discharged fireworks at the officers.

---

[1] With the Court's permission, the government will file a Supplement to this Sentencing Memorandum under seal.

Police on scene gathered into a tactical-line formation of approximately 40 officers in attempt to keep the violent crowd from damaging or looting the commercial establishments in that area of the city.[2] While maintaining that defensive line, officers spotted Eovacious standing above them on the roof of the one-story building located at 848 Main Street. From his position, Worcester Police Officer Jano heard Eovacious screaming for the crowd below to "kill the police." Officer Jano watched as an agitated Eovacious paced back and forth on the rooftop and then reached into a satchel that he carried over his shoulder and removed a bottle. The bottle appeared to contain a liquid. Eovacious then pulled a white rag out of the satchel and attempted to push the rag into the bottle. Officer Jano also observed Eovacious holding a silver object that the officer believed to be a lighter. Eovacious is depicted in the photo below on the rooftop that night:



Officer Jano, along with other officers, shined their flashlights at Eovacious. With flashlights from below upon him, Eovacious stepped back from the edge of the building and out

---

[2] During the course of the June 1, 2020, riot, at least one area business engaged in interstate commerce suffered damage.

of Officer Jano's direct line of sight. Minutes later, officers observed Eovacious walking at street level in vicinity of May and Main Streets, still carrying the satchel. Officers approached and stopped him. Officer Jano provided *Miranda* warnings to Eovacious. Eovacious told Officer Jano that he was "with the anarchist group" and that he was "waiting for an opportunity." When asked, Eovacious admitted that the liquid in the glass bottle was gasoline.

Officers searched the satchel that Eovacious carried and located three clear glass bottles with a slightly yellow liquid that emanated the smell of gasoline, five white rags, one green lighter, and one silver lighter.[3] A photograph of those items in included below:



---

[3] The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") later determined that these three devices were "designed as weapons, commonly known as Molotov Cocktails, and would be properly identified as improvised incendiary bombs …[which] are destructive devices as that term is defined in 26 U.S.C. § 5845(f)." On June 2, 2020, an ATF employee searched the National Firearms Registration and Transfer Record, to determine if the three Molotov cocktails possessed by Eovacious were registered as National Firearms Act (NFA) weapons, as required by law. In addition, the ATF employee queried the name "Vincent Eovacious" through the searched the National Firearms Registration and Transfer Record to determine if he had any NFA weapons registered to him specifically. Both searches produced negative results.

Eovacious was initially charged in state court and was released on personal recognizance. Two days later, on June 3, 2020, Eovacious was charged by criminal complaint with Civil Disorder, in violation of Title 18, United States Code, Section 231(a)(3), and Possession of an Unregistered Firearm, in violation of Title 26, United States Code, Section 5861(d) and 5871. *See* 20-mj-4101-DHH. That same day, Framingham Police located Eovacious at his place of work and arrested him on the federal warrant without incident. Notably, in the back seat area of Eovacious' car, agents observed a partially-filled gas can and more cloth rags (as pictured below):



On October 1, 2020, the grand jury returned a two-count indictment charging Eovacious with one count of Civil Disorder and one count of Possession of an Unregistered Firearm. ECF No. 30. On September 9, 2021, Eovacious pleaded guilty to both counts. ECF No. 74. He is to be sentenced on June 23, 2022. ECF No. 90.

## Sentencing

### A. Advisory Guideline Range Calculation[4]

For Count One, Civil Disorder, in violation of Title 18, United States Code, Section 231(a)(3), there is not an applicable guideline set out in Appendix A, the Statutory Index, of the United States Sentencing Commission Guidelines Manual ("U.S.S.G."). The most analogous guideline is found in U.S.S.G. § 2A2.4 (Obstructing or Impeding Officers). The Base Offense Level for Count One is 10. U.S.S.G. § 2A2.4(a). Three levels are added because the offense conduct involved possession and threatened use of a dangerous weapon, i.e., Molotov cocktails. U.S.S.G. § 2A2.4(b)(1). Thus, for Count One, the Adjusted Offense Level is 13.

For Count Two, Possession of an Unregistered Firearm, in violation of Title 26, United States Code, Section 5861(d), the applicable guideline is found at U.S.S.G. § 2K2.1. Eovacious' Base Offense Level for Count Two is 18. U.S.S.G. § 2K2.1(a)(5). This is so because the Molotov cocktails he possessed qualify as a firearm, as set out in Title 26, United States Code, Section 5845(a). *See* 26 U.S.C. § 5845(a)(8)(defining firearm to include a destructive device). Several enhancements apply: two additional levels because the offense conduct involved three Molotov cocktails, U.S.S.G. § 2K2.1(b)(1)(A); two additional levels because the offense involved a destructive device, U.S.S.G. § 2K2.1(b)(3)(B); and four additional levels because he possessed the Molotov cocktails in connection with another felony offense, that is, Civil Disorder. U.S.S.G. § 2K2.1(b)(6)(B). Accordingly, for Count Two, his Adjusted Offense Level is 26.

Following consideration of the multiple count adjustment provision, U.S.S.G. § 3D1.4(a),(b), and (c), and a three-level reduction for timely acceptance of responsibility pursuant

---

[4] The government concurs with the calculation set forth by U.S. Probation in its Presentence Investigation Report.

to U.S.S.G. § 3E1.1(a),(b), Eovacious' Total Offense Level is 23.  With a Criminal History Category I, his advisory guideline sentencing range is 46-57 months' incarceration.[5]

### 2. Section 3553(a) Factors

After correctly calculating the advisory guideline sentencing range, the Court must next consider the factors set out in Title 18, United States Code, Section 3553 before imposing a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth" in subsection (2).  *See* 18 U.S.C. § 3553(a).  According to subsection (2), there is a need for the sentence imposed:

> to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)-(D).  The Court is to consider, *inter alia*, the "nature and circumstances of the offense, and the history and characteristics of the defendant" in reaching its decision.

### 3. Government's Recommendation

The seriousness of this offense is difficult to overstate.  Eovacious could have easily caused catastrophic injury or death of officers or protesters or have been killed himself.  There is no justification for his deliberate and premeditated criminal conduct.  In preparation, he obtained gasoline, rags, glass bottles, lighters, and placed these items in his satchel.  He took those items to what had started out earlier that day as a lawful and peaceful demonstration.  When the violence started, however, Eovacious did not take constructive steps to lessen that violence or, at the very least, remove himself from the situation.  Instead, he aggravated an already dangerous situation by climbing on the roof of the building, exhorting violent protesters to "kill the police," with a lighter

---

[5] Eovacious faces a statutory maximum of five years for Count One and ten years for Count Two.  There is no mandatory minimum sentence for either offense.

and Molotov cocktail in his hands.  The police officers on scene were trying to keep order and to keep this community safe.

While the community's outrage at the killing of George Floyd is understandable, the violence that Eovacious first implored others – and then he tried himself – to engage in cannot be condoned.  Many police officers, with families and loved ones of their own, were trying to do their jobs and protect and serve this community that difficult night.  While many of his fellow protestors engaged in dangerous and cowardly criminal acts, such as throwing rocks, and bottles, and even shooting fireworks at the police officers, Eovacious escalated that conduct when he stood alone on that roof with gasoline in glass bottles and a lighter in his hand.

The advisory guideline sentence in this case is 46-57 months.  This is so even for a defendant, like Eovacious, who presents with no criminal history points.  The advisory guideline calculation reflects the seriousness of the criminal conduct involved and the danger that is created for the public when explosives like Molotov cocktails are possessed in connection with the commission of other felony offenses, like civil disorder.

The government's recommendation that the Court impose a sentence of 13 months, recognizes Eovacious' age, his personal circumstances (covered in more detail in the Sentencing Memorandum Supplement), as well as his sincere good faith efforts at rehabilitation and atonement since the date of this offense.  At the same time, the recommended sentence also accounts for the violence that Eovacious sought to visit upon police officers that night, as well as other concerns that the government maintains regarding the safety of the community.  In short, a term of 13 months' incarceration is sufficient, but not greater than necessary to accomplish the goals set forth in Section 3553(a).  Beyond the mere fact of the federal criminal convictions, there must be an additional consequence imposed in this case to reflect the seriousness of this criminal conduct, to

promote respect for the law, and to provide just punishment. It is critical that that sentence imposed afford adequate deterrence to this type of criminal conduct and, importantly, protect the public, including our police officers, from further crimes by Eovacious.

## Conclusion

For the reasons stated herein, the government respectfully requests that the Court impose a term of incarceration of 13 months, followed by a term of supervised release of three years.

                                                Respectfully submitted,

                                                RACHAEL S. ROLLINS
                                                UNITED STATES ATTORNEY

By:   */s/ Danial E. Bennett*
        Danial E. Bennett
        Assistant U.S. Attorney
        United States Attorney's Office
        District of Massachusetts
        Donohue Federal Building
        595 Main Street
        Worcester, Massachusetts 01608
        Danial.Bennett@usdoj.gov

Dated: June 22, 2022

CERTIFICATE OF SERVICE

    This is to certify that I have served counsel of record for the Defendants a copy of the foregoing document by ECF.

                                               */s/ Danial E. Bennett*
                                               Danial E. Bennett
                                               Assistant U.S. Attorney

Dated: June 22, 2022